# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# AIKEN DIVISION

| | | |
|---|---|---|
| Evelyn Green, | ) | Case No.: |
| | ) | Formerly Case No. 2020CP0202149 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ANSWER TO AMENDED COMPLAINT |
| | ) | |
| BI-LO, LLC, | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW,** the Defendant, BI-LO, LLC, by and through its undersigned attorneys, answering the Amended Complaint of the Plaintiff, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiff's Amended Complaint not specifically admitted herein is denied.

2. Paragraph 1 is admitted.

3. As to Paragraph 2, Defendant admits only that it is organized and exists pursuant to the laws of a state other than South Carolina but is authorized to conduct business in South Carolina. It has done so in the County of Aiken.

4. Defendant is without sufficient knowledge and information to form a belief as to the allegations of Paragraphs 3 and 4 and thereby denies the same.

5. As to Paragraph 5, Defendant admits only that it operated Store 5802 in New Ellenton, South Carolina. The remaining allegations of Paragraph 5 are denied.

6. Defendant is without sufficient knowledge and information to form a belief as to the allegations of Paragraph 6 through 10 and thereby denies the same.

7. To the extent the WHEREFORE paragraph contains any allegations against this Defendant, those allegations are denied.

### FOR A SECOND DEFENSE
### (Failure to State a Claim)

8. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

9. The Defendant would show that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### FOR A THIRD DEFENSE
### (Comparative Negligence)

10. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

11. The Defendant would show that such injuries or losses that Plaintiff sustained, if any, was due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of the Defendant, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

### FOR A FOURTH DEFENSE
### (Intervening and Superseding Negligence)

12. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

13. The Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Amended Complaint, was not due to or caused by any negligence on the part of the Defendant, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which the Defendant had no control.

## FOR A FIFTH DEFENSE
### (Assumption of Known Risk)

14. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

15. The Defendant would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (Unavoidable Accident)

16. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

17. The Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Amended Complaint, was not due to or caused by the negligence on the part of the Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR A SEVENTH DEFENSE
### (Improper Venue)

18. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

19. Defendant pleads the defense of improper venue for forum *non conveniens* reasons or otherwise.

## FOR AN EIGHTH DEFENSE
### (Statute of Limitations)

20. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

21. The Defendant would show that this action is barred by the applicable Statute of Limitations.

## FOR A NINTH DEFENSE
### (Spoliation)

22. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

23. The Defendant would show that Plaintiff's Amended Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
### (Reservation and Non-waiver)

24. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

25. Defendant reserves the right to assert and does not waive any additional further defenses which may be revealed by additional information that may be acquired in discovery or otherwise.

## FOR AN ELEVENTH DEFENSE
### (Punitive Damages)

26. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

27. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

28. The Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

29. The Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

30. The Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

31. Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by

a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills the Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

32.     Defendant pleads the applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. 15-32-530, et seq., as amended.

33.     Defendant demands bifurcation of the actual and punitive damages phases of the trial.

## FOR A TWELFTH DEFENSE
**(Pleading the Law)**

34.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

35.     Pursuant to Garrison, et al. v. Target Corporation, to the extent any provision within the Federal or State Constitutions, Laws, Regulations or Rules operate as an affirmative defense, Defendant pleads all such provisions.

36.     Defendant further places Plaintiff on notice of all law which may apply in this case. Defendant reserves the right to cite to and invoke all applicable law in its arguments, briefing, and other submissions to the Court.

## **FOR A THIRTEENTH DEFENSE**
### **(Open and Obvious)**

37.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

38.     The alleged hazard was open and obvious, so Defendant had no duty to warn people of it; the Defendant had no basis for anticipating the resulting harm, so Plaintiff's cause of action should be dismissed under Sides v. Greenville Hosp. System, 362 S.C. 250, 607 S.E.2d 362 (Ct. App. 2004).

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Amended Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Ryan C. Holt
Ryan C. Holt, Fed. I.D. No. 10736
Adam M. Crain, Fed. I.D. No. 13355
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina

December 1, 2020